UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-276-RJC
(3:20-cr-306-RJC-DSC-1)

| | |
|---|---|
| KONGMANY SIBOUNHEUNG, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1].

## I. BACKGROUND

Petitioner was charged by Information with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count One). [3:20-cr-306 ("CR") Doc. 12] (Information); see [CR Doc. 15] (Waiver of Indictment). Petitioner pleaded guilty and admitted that he is, in fact, guilty as charged in Count One. [CR Doc. 13] (Plea Agreement). The Plea Agreement explains that the statutory maximum sentence is 20 years' imprisonment, a $1,000,000 fine, and at least three years of supervised release. [Id. at ¶ 4]. The parties agreed to jointly recommend that: the base offense level is 22 because the amount of controlled substance that was known to or reasonably foreseeable by Petitioner was a converted drug weight of at least 80 kilograms but less than 100 kilograms; the plea is timely for purposes of acceptance of responsibility, if applicable; and if the Court determines from Petitioner's criminal history that the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. §

1

4B1.4) of the U.S. Sentencing Guidelines applies, such provision may be used in determining the sentence. [Id. at ¶ 7]. The parties remained free to argue their respective positions regarding other specific offense characteristics, cross-references, special instructions, reductions, enhancements, and adjustments, as well as departures or variance from the applicable guideline range at sentencing. [Id.]. The Plea Agreement further provides that: the Court would consider the advisory U.S. Sentencing Guidelines; the Court had not yet determined the sentence; any estimate of the likely sentence is a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. [Id. at ¶ 6].

The Plea Agreement provides that there is a factual basis for the guilty plea, and that Petitioner read and understood the Factual Basis filed with the Plea Agreement. [Id. at ¶ 10. The Plea Agreement further provides that the Factual Basis does not necessarily represent all conduct relevant to sentencing, and that the Government may submit a Statement of Relevant Conduct to the Probation Office and present the Court with additional relevant facts for purposes of sentencing. [Id. at ¶ 11].

The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including the right to: withdraw the guilty plea once the Magistrate Judge has accepted it; to be tried by a jury; be assisted by an attorney at trial; confront and cross-examine witnesses; and not be compelled to incriminate himself. [Id. at ¶¶ 12-14]. The Plea Agreement acknowledges that Petitioner had discussed with defense counsel his post-conviction and appellate rights, whether there are potential issues relevant to an appeal or post-conviction action, and the possible impact of any such issue on the desirability of entering into the Plea Agreement. [Id. at ¶ 15]. Petitioner

expressly waived the right to contest his conviction and sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 16]. The Plea Agreement provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." [Id. at ¶ 26].

The Factual Basis that was filed along with the Plea Agreement provides in relevant part:

> On or about March 6, 2018, Kongmany SIBOUNHEUNG possessed with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance[]….
>
> SIBOUNHEUNG knew that the cocaine he possessed with the intent to distribute was a controlled substance[] under the law at the time of the possession.

[CR Doc. 14 at 1] (paragraph numbers omitted).

On October 2, 2020, a Rule 11 hearing came before the Honorable David C. Keesler, United States Magistrate Judge. [CR Doc. 16] (Entry and Acceptance of Guilty Plea). Petitioner stated, under oath, that he received a copy of the Information and discussed it with counsel, and fully understood the charge and the maximum and minimum penalties that could apply to him. [Id. at 1]. Petitioner agreed that he understood that pleading guilty may cause him to be deprived of certain civil rights, and that he discussed with counsel: how the sentencing guidelines may apply to his case; that the Court would not be able to determine the sentence until a PSR has been prepared and Petitioner has had an opportunity to comment on it; he may receive a sentence that is different from that called for by the guidelines; and he has no right to withdraw the plea even if he receives a sentence more severe than he expects. [Id. at 2]. Petitioner acknowledged the rights he was waiving by pleading guilty, including the waiver of his appeal and post-conviction rights,

3

and stated his understanding that the case would proceed directly to sentencing. [Id. at 2-3].

The Plea Agreement was summarized in open court. [Id. at 3]. Petitioner confirmed that he understood and agreed with the terms of the Plea Agreement, including the waiver of his appellate and post-conviction rights. [Id.]. Petitioner stated that he read the Factual Basis, understood it, and agreed with it. [Id.]. Petitioner stated that nobody threatened, intimidated, or forced him to plead guilty, and that nobody made any promises of leniency or a light sentence other than the terms of the Plea Agreement. [Id.]. Petitioner had enough time to discuss any possible defenses with his lawyer and was satisfied with counsel's services, stating "He's the best lawyer I've ever had." [Id.].

The Presentence Investigation Report's (PSR) scored the base offense level as 22 because Petitioner admitted he was responsible for a converted drug weight of at least 80 kilograms but less than 100 kilograms pursuant to U.S. Sentencing Guidelines § 2D1.1(a)(5). [CR Doc. 22 at ¶ 24]. Two levels were added because Petitioner maintained a premises for the purpose of manufacturing or distributing a controlled substance pursuant to § 2D1.1(b)(12). [Id. at ¶ 25]. This resulted in an offense level subtotal of 24. [Id. at ¶ 29]. However, Petitioner qualified as a career offender because:

> The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is a controlled substance offense; and the defendant has at least two prior felony convictions for controlled substance offenses (Possession With Intent to Distribute Marijuana in 2:03CR697-003 and **Possession With Intent to Distribute a Controlled Substance in 3:06CR178-003**); therefore, the defendant is a career offender. The offense level for a career offender is 32: USSG § 4B1.1(b)(3).

[Id. at ¶ 30] (emphasis added). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. [Id. at ¶¶ 31-33]. Petitioner had seven criminal history

4

points and a criminal history category of IV, however, a career offender's criminal history category is VI. [Id. at ¶¶ 46-47]. The resulting advisory guideline range weas 151 to 188 months' imprisonment. [Id. at ¶ 75].

In a Judgment entered on August 26, 2021, the Petitioner was sentenced to 151 months' imprisonment followed by three years of supervised release. [CR Doc. 29] (Judgment). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on June 14, 2022.[1] [Doc. 1]. He argues that counsel was ineffective at sentencing for failing to object to the career offender enhancement because "a prior 2006 conviction for conspiracy to distribute a controlled substance, in violation of 21 USC § 846 … according to U.S. v. Norman, 935 F.3d 232, 237-38 (CA4 2019) … is not a controlled substance offense within the meaning of §4B1.2(b)." [Doc. 1 at 4-5]. Petitioner asks the Court to resentence him without the career offender enhancement. [Id. at 12].

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).  The Court also determines that no response from the Government is required.

### III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

Here, Petitioner contends that counsel was ineffective for failing to object to the career offender enhancement because his 2006 predicate conviction for "*conspiracy* to distribute a controlled substance" does not qualify as a "controlled substance offense." [Doc. 1 at 4] (emphasis added).  He claims that, had counsel raised the issue, there is a reasonable probability he would not have been sentenced as a career offender.

A defendant is a career offender if he was at least 18 years old at the time he committed the instant offense of conviction, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled

6

substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance … with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Fourth Circuit held in Norman that a conspiracy to possess a controlled substance with intent to distribute in violation of § 846 is not categorically a "controlled substance offense" because it does not require an overt act. 935 F.3d at 237-38.

Petitioner's claim of ineffective assistance of counsel is based on a flawed factual premise. In the 2006 case at issue, Case No. 3:06-cr-178, Petitioner was convicted of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and possession with intent to distribute a controlled substance and aiding and abetting the same 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Eight). [3:06-cr-178, Doc. 63]. The career offender enhancement in the instant case was based on the § 841 conviction in Count Eight for "Possession With Intent to Distribute a Controlled Substance," and not on the § 846 conspiracy conviction in Count One. [CR Doc. 22 at ¶ 30]. The § 841 offense qualifies as a controlled substance offense for purposes of career offender sentencing. See United States v. Walton, 56 F.3d 551, 555 (4th Cir. 1995) (noting that there was "no question" that a § 841(a)(1) conviction was a controlled substance offense); United States v. Whitley, 737 F. App'x 147, 149 (4th Cir. 2018) (noting that there was no dispute that distributing and possessing with intent to distribute a controlled substance qualifies as a controlled substance offense). Counsel was not ineffective for failing to raise this meritless career offender challenge. See generally Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success."). Nor can

7

the Petitioner demonstrate prejudice because the career offender objection would have been rejected had counsel raised it. See Rodriguez v. Bush, 842 F.3d 343, 346 (4th Cir. 2016) (a defendant is not prejudiced by counsel's failure to make a meritless objection). Accordingly, the Petitioner's Motion to Vacate is denied.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: July 8, 2022

Robert J. Conrad, Jr.
United States District Judge