# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-276-RJC
## (3:20-cr-306-RJC-DSC-1)

| | |
|---|---|
| KONGMANY SIBOUNHEUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for Leave to Amend [Doc. 4] and Motion to Reconsider [Doc. 5].

Petitioner filed a *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 in this case on June 14, 2022.[1] [Doc. 1]. Petitioner raised a single claim of ineffective assistance of counsel. [Doc. 1 at 4-5]. The Court entered an Order on July 8, 2022 denying this claim on the merits. [Doc. 2 at7].

On July 22, 2022, the Court received the instant Motion for Leave to Amend to which an Amended Motion to Vacate is attached; both of these documents are dated July 5, 2022. [Docs. 4, 4-1]. The Petitioner then filed the instant Motion to Reconsider, noting that the Court had not yet received his Motion for Leave to Amend when it issued its July 8 Order. [Doc. 5].

The Rules Governing Section 2255 Proceedings do not specify a procedure for amending motions to vacate. Courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion to vacate. See United States v. Pittman, 209 F.3d 314, 316–17 (4th Cir. 2000); see Rule 12, 28 U.S.C. foll. § 2255; Fed. R. Civ. P. 15(a). The Federal Rules allow

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

one amendment as a matter of course within 21 days after serving the pleading, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)-(b); see also Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001) (as a general rule, an amended pleading supersedes the original pleading).

The Petitioner filed his Amended Motion to Vacate pursuant to the prisoner mailbox rule on July 5, 2022, the twenty-first day after the original Motion to Vacate was filed. The Amended Motion to Vacate was thus timely under Rule 15, and the Motion for Leave to Amend will be denied as moot. The Petitioner's Motion to Reconsider will be granted, the July 8 Order and Clerk's Judgment [Docs. 2, 3] will be vacated, and this case will be reopened so that the Court may consider the superseding Amended Motion to Vacate. The Clerk will be instructed to docket the Amended Motion to Vacate [Doc. 4-1] as a separate docket entry.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Leave to Amend [Doc. 4] is **DENIED** as moot.

2. Petitioner's Motion to Reconsider [Doc. 5] is **GRANTED**.

3. The Order [Doc. 2] and Clerk's Judgment [Doc. 3] are **VACATED**.

4. The Clerk is instructed to docket the Amended Motion to Vacate [Doc. 4-1] as a separate docket entry, and to reopen this case.

Signed: August 12, 2022

Robert J. Conrad, Jr.
United States District Judge

2